United States District Court
Southern District of Texas
**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANELL ELIZABETH HAMPTON, SPN #03020688 § § § Plaintiff, § § v. § CIVIL ACTION NO. H-22-3615 § JOHN L. GREEN, *et al.*, § § Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janell Elizabeth Hampton, currently in custody at the Harris County Jail, has filed a complaint under 42 U.S.C. § 1983 alleging violations of her civil rights. Hampton sues (1) John L. Green, (2) Judge Barbara Stadler, (3) Judge Josh Hill, (4) "Houston, Texas (State)," and (5) "Harris County Constables Texas Precinct 5." Hampton represents herself and has been granted leave to proceed without prepaying the filing fee.

After screening the pleadings under 28 U.S.C. §§ 1915 and 1915A, the court concludes that this case must be dismissed. The reasons are set out below.

**I.      Background**

Hampton's complaint alleges that in September 2019, John L. Green, an attorney and certified public accountant, and Nyesha Green filed "bogus" charges of terrorist threats and harassment against her with the Houston Police Department. (Docket No. 1 at 6). She also alleges that John Green "filed a protective order on [her]" on September 22, 2019. (*Id.*)

Hampton alleges that on October 13, 2019, she was arrested by the "Harris County Constable" while she was walking her dog. (*Id.* at 6–7). After she was released from jail on October 16, she found out that her car had been impounded. (*Id.* at 7).

On October 31, 2019, Judge Stadler "forced [Hampton] to represent [her]self for a protective order hearing with John L. Green." (*Id.* at 7–8). According to Hampton, Judge Stadler granted Green a "lifetime order" and has "refused to accept" Hampton's appeal. (*Id.* at 8). Hampton alleges that in March 2020, "Nyesha Green filed retaliation charges on me . . . and Judge Josh Hill granted it and I was arrested." (*Id.*). Hampton alleges that in May 2020, the Harris County Constable involuntarily committed her to a mental institution for over three weeks. (*Id.* at 8). While Hampton was there, her house was burglarized. (*Id.*).

Hampton alleges that on June 4, 2020, Harris County Constables "kicked in" Hampton's door and arrested her. (*Id.* at 9). She alleges that in August 2020, John Green "infused himself" into Hampton's EEOC case against ADP, Inc. (*Id.* at 6, 9–10). Finally, she alleges that in September 2020, an employee of John Green filed a "protective order / violation charges" against Hampton "with Judge Josh Hill and [she] was arrested again." (*Id.* at 9).

Hampton seeks "restoration and reparations" as relief. (*Id.* at 4).

## II.     Standard of Review

Because Hampton is a pretrial detainee who has been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeMarco v. Davis*,

914 F.3d 383, 386 (5th Cir. 2019); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). In deciding whether a plaintiff's claim must be dismissed, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the court is mindful that Hampton represents herself. Courts construe *pro se* litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a *pro se* plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stald*er, 105 F.3d 1059, 1061 (5th Cir. 1997).

**III.    Discussion**

Civil-rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)

(citing Tex. Civ. Prac. & Rem. Code § 16.003(a)); *see also Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). This means that a plaintiff has two years from the time that his or her claim arises to file a civil-rights complaint under § 1983. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action arises under § 1983. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). A cause of action arises "the moment the plaintiff becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured" by actions attributable to the defendant. *Piotrowski*, 237 F.3d at 576 (internal citation and quotations omitted).

Hampton's complaint alleges acts that occurred more than two years before Hampton filed her complaint in this case on October 15, 2022.[1] Because Hampton filed this lawsuit more than two years after her claims arose, the claims are outside the two-year statute-of-limitations period and are subject to dismissal as legally frivolous. *See Abston v. Fed. Bureau of Prisons*, 689 F. App'x 304, 304 (5th Cir. 2017) (per curiam) ("'[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the appliable statute of limitations, those claims are properly dismissed' as frivolous.") (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam)).

## IV.     Conclusion

For the reasons stated above, the court orders that the civil action filed by Janell Elizabeth Hampton is dismissed with prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as frivolous. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk will provide

---

[1] Under the mailbox rule, a prisoner's complaint is considered filed on the date the prisoner places it in the prison mail system for delivery to the court. *See Houston v. Lack*, 487 U.S. 266, 275 (1988).

a copy of this order to the plaintiff.  The Clerk will also send a copy to the manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

SIGNED on January 19, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge